WR-73,484-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/28/2015 10:43:30 AM
Accepted 5/28/2015 11:11:23 AM
ABEL ACOSTA
CLERK

**BRIAN W. WICE**
LAWYER

THE LYRIC CENTRE
440 LOUISIANA • SUITE 900
HOUSTON, TEXAS 77002-1635

(713) 524-9922
FAX (713) 236-7768
wicelaw@att.net

May 28, 2015

FILED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk of the Court
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

May 28, 2015

ABEL ACOSTA, CLERK

*RE: Ex parte Neal Hampton Robbins, No. WR-73484-02*

Dear Abel:

Please file the attached documents as a supplemental appendix to Applicant's pre-submission list of authority that was filed last week in the above-styled and numbered cause which will be argued on June 3, 2015.

This supplemental appendix consists of an FBI/DOJ release from April 15, 2015 titled "Microscopic Hair Comparison Analysis Review" and several documents regarding HB 3724, which has passed overwhelmingly in both the Texas House and Senate, amending Art. 11.073(d), of the Code of Criminal Procedure, to codify the majority holding in **Ex parte Robbins**, 2014 WL 6751685 (Tex.Crim.App. Nov. 26, 2014)(reh'rg granted 5-13-15). These documents include the Bill Analysis of HB 3724 and the history of this bill in both chambers.

Pursuant to TEX.R.APP. 9.5(d), copies of these documents have been served upon opposing counsel via e-filing.

Sincerely yours,

*/s/ Brian W. Wice*

*BRIAN W. WICE*

1



*Laboratory Services*

Home · About Us · Laboratory Services · Scientific Analysis · FBI/DOJ Microscopic Hair Comparison Analysis Review

## FBI/DOJ Microscopic Hair Comparison Analysis Review

Updates:

- 4/20/15 Press Release: FBI Testimony on Microscopic Hair Analysis Contained Errors in at Least 90 Percent of Cases in Ongoing Review
- 4/19/15 Press Release: Department of Justice and FBI Joint Statement on Microscopic Hair Analysis

The FBI, in conjunction with the Department of Justice (DOJ), is engaged in a review of scientific testimony provided by FBI Laboratory examiners in cases involving microscopic hair comparisons.

The purpose of the review is to ensure that FBI Laboratory examiner testimony regarding microscopic hair comparison analysis met accepted scientific standards. In cases in which those standards were not met, remedial action may be taken if appropriate.

It's important to note that microscopic hair comparison analysis is a valid scientific technique still conducted by the FBI Laboratory. The science of microscopic hair comparisons is not the subject of the review. In 1996, the FBI Laboratory developed and implemented mitochondrial DNA (mtDNA) analysis in conjunction with probative hair analysis because it is the most effective protocol for the forensic examination of hair, and it provides a more meaningful association than either technique used alone.

Cases with hair evidence recovered from a crime scene are examined both visually and through a microscope. If these hairs share similar characteristics with a known hair sample, a probative association may be established. A probative association can occur when there is a transfer of hair from a victim directly to a suspect or from a victim to the weapon used during the commission of a crime. Recovery of hair found inside a victim's house that is microscopically similar to the victim's hair is an example of a non-probative association because you would expect to find the victim's hair in their home.

The FBI will review cases with a probative association if they meet the following criteria:

1. The defendant was convicted;
2. DNA analysis was not conducted on the evidentiary hair;
3. The case was submitted to the FBI Laboratory and the analysis occurred prior to December 31, 1999; and
4. The FBI provided the contributing law enforcement agency a Laboratory report regarding the results of the microscopic hair comparison.

The review is being conducted with the assistance of the Innocence Project (IP) and the National Association of Criminal Defense Lawyers (NACDL). Among other things, the IP and NACDL are providing an independent review of transcripts that meet the review criteria. This independent review is further described in: "The Hair Microscopy Review Project: An Historic Breakthrough For Law Enforcement and A Daunting Challenge For the Defense Bar," originally published in the NACDL magazine, *The Champion*, July 2013.

As reviews are completed, DOJ provides the results of the FBI, IP, and NACDL reviews to prosecutors and defense counsel associated with the case.

While the FBI is working closely with the IP and the NACDL to identify relevant cases, the FBI welcomes the public's assistance in identifying any cases that may be subject to this review—particularly those that occurred before 1982.

Further information can be obtained by contacting the FBI Hair Review Team at FBICaseReview@ic.fbi.gov.



Biometric Analysis
- Combined DNA Index System (CODIS)
- DNA Casework
- Federal DNA Database
- Latent Print

Forensic Response
- Chemical, Biological, Radiological, & Nuclear Sciences
- Crime Scene Documentation
- Evidence Response Team
- Forensic Imaging
- Hazardous Evidence Response
- Operational Projects
- Scientific Response
- Technical Hazards Response

Scientific Analysis
- Chemistry
- Counterterrorism & Forensic Science Research
- Cryptanalysis & Racketeering
- Firearms/Toolmarks
- Questioned Documents
- Trace Evidence

Terrorist Explosive Device Analytical Center (TEDAC)
- Explosives

More About Us
- Laboratory Annual Report
- Forensic Services Handbook (pdf)
- Quick Reference Guide (pdf)
- Forensic Science Communication
- Scientific Working Groups
- News and Features
- Laboratory Positions
- Visiting Scientist Program

Accessibility | eRulemaking | Freedom of Information Act | Legal Notices | Legal Policies and Disclaimers | Links | Privacy Policy | USA.gov | White House
FBI.gov is an official site of the U.S. government. **U.S. Department of Justice**

Close

# BILL ANALYSIS

C.S.H.B. 3724
By: Herrero
Criminal Jurisprudence
Committee Report (Substituted)

## BACKGROUND AND PURPOSE

Informed observers note that current law allows for the reexamination of certain cases based on new scientific evidence and requires a court, in finding whether new scientific evidence exists, to consider whether the scientific knowledge or method on which the relevant scientific evidence is based has changed. The observers contend that a recent Texas Court of Criminal Appeals opinion held that a change in the scientific knowledge of a testifying expert would be a basis for habeas relief under the law. C.S.H.B. 3724 seeks to codify this decision.

## CRIMINAL JUSTICE IMPACT

It is the committee's opinion that this bill does not expressly create a criminal offense, increase the punishment for an existing criminal offense or category of offenses, or change the eligibility of a person for community supervision, parole, or mandatory supervision.

## RULEMAKING AUTHORITY

It is the committee's opinion that this bill does not expressly grant any additional rulemaking authority to a state officer, department, agency, or institution.

## ANALYSIS

C.S.H.B. 3724 amends the Code of Criminal Procedure to require a court that is hearing an application for a writ of habeas corpus based on certain issues with respect to scientific evidence that either was not available to be offered by a convicted person at trial or contradicts scientific evidence relied on by the state at trial, in making a finding as to whether relevant scientific evidence was not ascertainable through the exercise of reasonable diligence on or before a specific date, to consider, among other possible changes, whether a testifying expert's scientific knowledge has changed since the applicable trial date or dates, for a determination made with respect to an original application, or since the date on which the original application or a previously considered application, as applicable, was filed, for a determination made with respect to a subsequent application. The bill specifies that the change in scientific knowledge that the court is required to consider is a change in the field of scientific knowledge.

## EFFECTIVE DATE

September 1, 2015.

## COMPARISON OF ORIGINAL AND SUBSTITUTE

While C.S.H.B. 3724 may differ from the original in minor or nonsubstantive ways, the following comparison is organized and formatted in a manner that indicates the substantial differences between the introduced and committee substitute versions of the bill.

| INTRODUCED | HOUSE COMMITTEE SUBSTITUTE |
| --- | --- |
| SECTION 1. Article 11.073, Code of Criminal Procedure, is amended by adding Subsection (e) to read as follows: (e) In making the finding described by Subsection (d), the court shall consider whether the opinion of an expert who testified at the person's trial regarding the relevant scientific evidence has changed since the applicable trial date or dates. | SECTION 1. Article 11.073(d), Code of Criminal Procedure, is amended to read as follows: (d) In making a finding as to whether relevant scientific evidence was not ascertainable through the exercise of reasonable diligence on or before a specific date, the court shall consider whether the field of scientific knowledge, a testifying expert's scientific knowledge, or a scientific method on which the relevant scientific evidence is based has changed since: (1) the applicable trial date or dates, for a determination made with respect to an original application; or (2) the date on which the original application or a previously considered application, as applicable, was filed, for a determination made with respect to a subsequent application. |
| SECTION 2. This Act takes effect September 1, 2015. | SECTION 2. Same as introduced version. |

-

# CSHB 3724

## STRENGTHENING TEXAS' JUNK SCIENCE STATUTE & CORRECTING FALSE CONVICTIONS THAT ARE DUE TO REPUDIATED EXPERT TESTIMONY

Last session, the Texas Legislature enacted Article 11.073 of the Texas Code of Criminal Procedure, which allows individuals to challenge their convictions if they are based on debunked or otherwise discredited scientific evidence. Observers contend that a recent Texas Court of Criminal Appeals opinion held that a testifying expert's repudiation of his or her testimony due to an increased understanding of the discipline, revealing an error in trial would be a basis for habeas relief under the law. CSHB 3724 seeks to codify this decision.

**"Forensic evidence is not uniquely immune from the risk of manipulation,"[1] it is susceptible to erroneous conclusions due to incompetence, innocent errors, or cognitive bias.**

It is well-documented that both bad science and bad scientists undermine the integrity of the Texas criminal justice system. In 2009, the National Research Council, an arm of the National Academy of Sciences, published *Strengthening Forensic Science in the United States: A Path Forward*, its exposé of the shoddy forensics used in criminal proceedings. This report revealed a number of systemic issues with the quality of forensic evidence introduced in criminal cases, including problems with the misinterpretation of forensic evidence including bite marks, bruising, and other purported indicators of trauma where none in fact occurred. CSHB 3724 addresses this issue by providing an important mechanism for relief where a false conviction is predicated on such mistakes, and the testifying expert acknowledges them.

### Expertise Increases with Experience

Even within the context of forensic testing, an individual's understanding of his or her discipline increases overtime as one gains new knowledge and refines one's understanding of older information. For example, many law graduates may have committed the Texas Code of Criminal Procedure to memory, but have yet to understand how to integrate these procedures with an overall trial strategy. As Judges Cochran and Johnson noted in a recent concurrence, "some skills simply cannot be learned anywhere except in the crucible of practice in the real world." A new lawyer may settle or try a case where a more experienced lawyer would not, given their knowledge of the arguments that are persuasive to the jury and the likely outcome if the case proceeded to trial.

The same holds true with forensic testing. Medical examiners and other analysts hone their skills overtime. What may appear to be an index of homicide or malfeasance, will cease to appear so after they have examined dozens of similar cases. It is in these narrow circumstances where CSHB 3724 would grant relief to defendants who are in prison due at least in part to the inexperience of the expert on their case.

---

[1] *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 318, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009).

## Texas Legislature Online
## History

---

**Bill:** HB 3724     **Legislative Session:** 84(R)     **Council Document:** 84R 13787 ADM-D

**Last Action:**     05/25/2015 E Sent to the Governor

**Caption Version:**     Enrolled

**Caption Text:**     Relating to the consideration of certain scientific evidence constituting the basis for an application for a writ of habeas corpus.

**Author:**     Herrero

**Sponsor:**     Whitmire

**Subjects:**     Criminal Procedure--General (I0208)
Criminal Procedure--Trial (I0204)
EVIDENCE (S0250)
HABEAS CORPUS (S0263)

**House Committee:**     Criminal Jurisprudence
**Status:**     Out of committee
**Vote:**     Ayes=6   Nays=0   Present Not Voting=0   Absent=1

**Senate Committee:**     Criminal Justice
**Status:**     Out of committee
**Vote:**     Ayes=7   Nays=0   Present Not Voting=0   Absent=0

**Actions:** (descending date order)
Viewing Votes: Most Recent House Vote | Most Recent Senate Vote

| Description | Comment | Date ▼ | Time | Journal Page |
|---|---|---|---|---|
| E Sent to the Governor | | 05/25/2015 | | |
| S Signed in the Senate | | 05/25/2015 | | |
| H Signed in the House | | 05/24/2015 | | |
| H Reported enrolled | | 05/23/2015 | 10:13 AM | |
| H Senate passage reported | | 05/22/2015 | | 4192 |
| S Record vote | | 05/22/2015 | | 1884 |
| S Passed | | 05/22/2015 | | 1884 |
| S Read 3rd time | | 05/22/2015 | | 1884 |
| S Record vote | | 05/22/2015 | | 1884 |
| S Three day rule suspended | | 05/22/2015 | | 1884 |
| S Vote recorded in Journal | | 05/22/2015 | | 1884 |
| S Read 2nd time & passed to 3rd reading | | 05/22/2015 | | 1884 |
| S Rules suspended-Regular order of business | | 05/22/2015 | | 1884 |
| S Placed on intent calendar | | 05/22/2015 | | |
| S Committee report printed and distributed | | 05/21/2015 | 11:23 AM | |

| S | Recommended for local & uncontested calendar | | 05/21/2015 | | |
|---|---|---|---|---|---|
| S | Reported favorably w/o amendments | | 05/21/2015 | | 1849 |
| S | Considered in public hearing | | 05/19/2015 | | |
| S | Scheduled for public hearing on . . . | | 05/19/2015 | | |
| S | Referred to Criminal Justice | | 05/13/2015 | | 1577 |
| S | Read first time | | 05/13/2015 | | 1577 |
| S | Received from the House | | 05/12/2015 | | 1510 |
| H | Reported engrossed | | 05/11/2015 | 04:03 PM | 3256 |
| H | Statement(s) of vote recorded in Journal | | 05/11/2015 | | 2985 |
| H | Record vote | RV#865 | 05/11/2015 | | 2984 |
| H | Passed | | 05/11/2015 | | 2984 |
| H | Read 3rd time | | 05/11/2015 | | 2984 |
| H | Passed to engrossment | | 05/08/2015 | | 2950 |
| H | Read 2nd time | | 05/08/2015 | | 2950 |
| H | Placed on General State Calendar | | 05/08/2015 | | |
| H | Considered in Calendars | | 05/05/2015 | | |
| H | Committee report sent to Calendars | | 04/29/2015 | | |
| H | Committee report distributed | | 04/28/2015 | 08:45 PM | |
| H | Comte report filed with Committee Coordinator | | 04/28/2015 | | 2111 |
| H | Reported favorably as substituted | | 04/22/2015 | | |
| H | Committee substitute considered in committee | | 04/22/2015 | | |
| H | Considered in formal meeting | | 04/22/2015 | | |
| H | Left pending in committee | | 04/15/2015 | | |
| H | Testimony taken/registration(s) recorded in committee | | 04/15/2015 | | |
| H | Committee substitute considered in committee | | 04/15/2015 | | |
| H | Considered in public hearing | | 04/15/2015 | | |
| H | Scheduled for public hearing on . . . | | 04/15/2015 | | |
| H | Referred to Criminal Jurisprudence | | 03/25/2015 | 05:17 PM | 1027 |
| H | Correction in referral | | 03/25/2015 | | 1027 |
| H | Referred to Judiciary & Civil Jurisprudence | | 03/19/2015 | 06:01 PM | 890 |
| H | Read first time | | 03/19/2015 | | 890 |
| H | Filed | | 03/13/2015 | | |